Department Stores Natl. Bank v Bailey (2025 NY Slip Op 50556(U))

[*1]

Department Stores Natl. Bank v Bailey

2025 NY Slip Op 50556(U)

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

571224/23

Department Stores National Bank, Plaintiff-Respondent,
against
Sherry E. Bailey, Defendant-Appellant.

Defendant appeals an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), dated November 12, 2024, which denied her motion to renew a prior order denying her motion to vacate a default judgment.

Per Curium.
Order (Jose A. Padilla, Jr., J.), dated November 12, 2024, reversed, without costs, renewal granted, and upon renewal, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether defendant was properly served.
Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion (see CPLR 2221 [e]), courts have discretion to relax this requirement and grant such a motion "in the interest of justice" (Kaszar v Cho, 160 AD3d 501, 502 [2018]; Mejia v Nanni, 307 AD2d 870, 871 [2003]). In the circumstances here present, and to achieve substantial fairness (see Tishman Constr. Corp. of NY v City of New York, 280 AD2d 374, 376-377 [2001]), we favorably exercise our discretion and grant defendant's renewal motion, since she offered a reasonable justification for failing to timely submit this new evidence on her original pro se moving papers and the new evidence would change the prior determination (CPLR 2221 [e] [2], [3]). Defendant's renewed motion contained, among other things, a sworn, nonconclusory denial of service from her daughter denying that substituted service was ever made upon her which was sufficient to raise an issue of fact as to whether service was proper requiring traverse hearing (see NYCTL 1998-1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]). We also note that defendant moved to vacate as soon as she became aware of the judgment and plaintiff had not established prejudice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2025